UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SAYYID D. MUHAMMADALI,

                Plaintiff,

v.

THE CITY OF NEW YORK;
P.O. SOLIS (Tax Reg. 943832);
P.O. BARUCCHERI (Tax Reg. 952448);
SGT. CORDINER (Tax Reg. 929940); and
SGT. HONSTETTER (Tax Reg. 936777),

                Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-1521 (WFK)(LB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

      Plaintiff Sayyid Muhammadali ("Plaintiff"), proceeding *pro se*, filed the above-captioned case on March 8, 2018, ostensibly as a notice of removal of a case he previously filed in New York State court. Plaintiff alleges the defendants violated his constitutional rights. For the reasons that follow, this case is dismissed.

      In this action, Plaintiff alleges that his constitutional rights were violated when, at an unspecified time and place, three of the officer defendants struck him with a police car, assaulted him, caused him to suffer an epileptic seizure, and arrested him. Complaint ("Compl.") at 5-6, ECF No. 1. Plaintiff seeks $2 million in damages. *Id.* at 7. Plaintiff attaches the complaint he filed, with the assistance of counsel, against the same defendants in New York Supreme Court, Queens County, Index No. 704576/2014. That complaint alleges Plaintiff was assaulted and arrested on March 30, 2013, in Far Rockaway, New York, and again on April 3, 2013,[1] at the 101st Precinct of the New York Police Department. *Id.* at 12. Plaintiff was prosecuted until June

---

[1] Plaintiff's attached state court complaint notes the date of the second arrest as April 3, 3013, which the Court construes as a typo.

2014, when the charges were resolved by an adjournment in contemplation of dismissal. *Id.* at 13. Plaintiff has not indicated the status of the state court civil litigation.

Plaintiff's federal complaint is untimely. The statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983 in federal courts in New York State is three years. *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 224 (2d Cir. 2004) ("The statute of limitations applicable to claims brought under [section] 1983 in New York is three years."); *Rodriguez v. Westbury Pub. Sch.*, 13-CV-4976, 2015 WL 4459351, at *12 (E.D.N.Y. July 15, 2015) (Wexler, J.) (citations omitted). Generally, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the harm" he or she has suffered. *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)). The Supreme Court has clarified that the statute of limitations for a claim of false imprisonment, which includes false arrest, begins to run at the time the claimant "becomes held pursuant to [legal] process—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007); *see also Lynch v. Suffolk Cty. Police Dep't, Inc.*, 348 F. App'x 672, 675 (2d Cir. 2009) (finding under *Wallace* that plaintiff's § 1983 false arrest claim was time-barred). The statute of limitations for claims of malicious prosecution begins when "the underlying criminal action is conclusively terminated." *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995) (citing *Singleton v. City of New York*, 632 F.2d 185, 189, 193 (2d Cir. 1980)). Furthermore, "[i]n the context of an excessive force claim, the clock starts running when the use of force occurred." *Jennings v. Municipality of Suffolk Cty.*, 11-CV-911, 2013 WL 587892, at *4 (E.D.N.Y. Feb. 13, 2013) (Bianco, J.) (quotation marks and citations omitted). The incidents of which Plaintiff complains here occurred, at the latest, in June 2014, when the criminal charges against Plaintiff were resolved. Plaintiff did not file the instant federal Complaint until March 8, 2018. As

Plaintiff's claims accrued more than three years prior to the filing of this Complaint, these claims are time-barred by the statute of limitations and must be dismissed. *See Milan v. Wertheimer*, 808 F.3d 961, 963-64 (2d Cir. 2015) (affirming *sua sponte* dismissal of claims that fell outside of the statute of limitations for § 1983 actions).

As these claims are time-barred, this Court need not consider whether it has jurisdiction over a case which was previously timely filed in state court and which may remain pending or have been finally resolved. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976) (holding that "in situations involving the contemporaneous exercise of concurrent jurisdictions," a federal court, in "exceptional" circumstances, may abstain from exercising jurisdiction if pending parallel state court litigation might result in "comprehensive disposition of litigation" and abstention would conserve judicial resources); *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005) (summarizing the doctrine derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), under which federal district courts may not review cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed as time-barred, without prejudice to any pending state court litigation in Index No. 704576/2014. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/WFK

HON. WILLAM F. KUNTZ, II
United States District Judge

Dated: April 4, 2018
Brooklyn, New York