UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of February, two thousand twenty.

Present:  ROSEMARY S. POOLER,
 GERARD E. LYNCH,
 MICHAEL H. PARK,
  *Circuit Judges.*

_____

SAYYID D. MUHAMMADALI,

 *Plaintiff-Appellant*,

 v. 18-1981

CITY OF NEW YORK, P.O SOLIS, TAX REG. 943832, SGT. HONSTETTER, TAX REG. 936777, SGT. CORDINER, TAX REG. 929940, P.O BARUCCHERI, TAX REG. 952448,

 *Defendants-Appellees*.
_____

For Plaintiff-Appellant: Sayyid D. Muhammadali, pro se, Far Rockaway, NY.

For Defendants-Appellees: No appearance.

Appeal from the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Sayyid D. Muhammadali, proceeding pro se, appeals from the judgment entered on April 6, 2018, of the United States District Court for the Eastern District of New York (Kuntz, *J.*) sua sponte dismissing his complaint under 42 U.S.C. § 1983 as time-barred. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a sua sponte dismissal de novo. *See J.S. v. T'Kach*, 714 F.3d 99, 103 (2d Cir. 2013). For substantially the same reasons set out by the district court in its opinion dated April 4, 2018, we conclude that the district court properly dismissed Muhammadali's claims as time-barred. Ordinarily, a district court should not sua sponte dismiss an action as time-barred without giving the plaintiff notice and opportunity to be heard as to potential affirmative defenses. *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Here, however, as in *Abbas*, a remand to permit Muhammadali to replead or otherwise address the statute of limitations issue would be futile. Muhammadali was made aware of the limitations issue by the district court ruling, and was specifically questioned at oral argument as to any fact or legal theory that might warrant tolling of the limitations period. Neither in his brief on appeal nor at oral argument did Muhammadali identify any legal basis for tolling.

Muhammadali argues on appeal that his counsel in the state court proceedings in which he first brought his claims was negligent, and that the time it took to discover counsel's negligence and bring his claims in federal court should toll the statute of limitations. This Court applies a state's tolling rules in a § 1983 action unless those rules would defeat the goals of § 1983. *Id.* at 641. Under New York law, Muhammadali is responsible for the "negligent and wrongful acts" of his attorney within the scope of that attorney's representation of him. *Poucher v. Blanchard*, 86 N.Y. 256, 260 (1881); *accord Dep't of Soc. Servs. on Behalf of Beatrice V.P. v. Trustum C.D.*, 97 A.D.2d 831, 831 (2d Dep't 1983), *leave denied*, 61 N.Y.2d 605 (1984) ("[I]t is well settled in civil litigation that an attorney's errors or omissions are binding on the client absent extraordinary circumstances such as the attorney's mental illness." (internal citations omitted)). Because Muhammadali is bound by the negligent actions of his attorney, he cannot avoid the consequences of his attorney's conduct, including the choice of a state rather than a federal forum. As a result, Muhammadali's federal claims are barred by the statute of limitations.

We have considered the remainder of Muhammadali's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2